UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HOWARD CARL MCLEES,

    Plaintiff,

v.                                        Case No. 3:25-cv-766-MMH-SJH

CENTURION OF FLORIDA, LLC,
et al.,

    Defendants.

## ORDER

      Plaintiff Howard Carl McLees, an inmate in the custody of the Florida Department of Corrections (FDC), initiated this action on July 2, 2025, by filing a pro se Complaint for Violation of Civil Rights (Doc. 1) with a supporting memorandum (Doc. 1-1) and appendix (Doc. 1-2). In the Complaint, McLees names as Defendants: Centurion of Florida, LLC; Union County Attorney; Union County; Suwannee County; FDC Secretary Ricky Dixon; Dr. Waddah Salman; James Neizer; and Dr. A. Gonzalez. Doc. 1-1 at 3–12. He asserts that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Id. at 1–2.

      Specifically, McLees alleges that on February 5, 2025, he was transported to HCA Florida Memorial Hospital where Defendant Salman

performed a heart catheterization. Id. at 17. He asserts that during the procedure, a wire caught on the edge of a stent. Id. After several attempts to remove the wire, Defendant Salman determined it could not be removed and finished the procedure. Id. at 17–18. McLees states that a few days later, he began to experience chest pain, and Defendant Centurion's medical staff informed him that "its [sic] his body rejecting a foreign object." Id. at 18. McLees further alleges that Defendant Salman prescribed him Brilinta; however, once the prescription expired, Defendant Centurion, "based on [its] custom [and] practices . . . deliberately delay[ed] the refills." Id.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[1] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v.

---

[1] McLees requests to proceed as a pauper. See Motion (Doc. 3).

Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v.

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial

4

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read McLees's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And,

5

while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer, 511 U.S. at 834). As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'"

6

Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Specifically, the Eleventh Circuit has instructed that to establish liability on an Eighth Amendment deliberate indifference claim, the plaintiff must show:

> First . . . as a threshold matter, that he suffered a deprivation that was, "objectively, 'sufficiently serious.'" [Farmer, 511 U.S. at 834].
>
> Second, . . . that the defendant acted with "subjective recklessness as used in the criminal law," id. at 839, and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff—with the caveat, again, that even if the defendant "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk." Id. at 844–45.

Wade v. McDade, 106 F.4th 1251, 1261 (11th Cir. 2024) (enumeration and emphasis omitted);[3] see Stalley v. Cumbie, 124 F.4th 1273, 1283 (11th Cir.

---

[3] For decades, the Eleventh Circuit has described a "more than mere negligence" or "more than gross negligence" standard in determining whether an official acted with deliberate indifference to an inmate's serious medical need. Wade, 106 F.4th at 1255. In Wade, the Eleventh Circuit determined that those standards conflicted with the Supreme Court's decision in Farmer and clarified that courts in this circuit should apply the "subjective recklessness" standard "as used in the criminal law." Id. at 1253. The Court notes that the Honorable Adalberto Jordan wrote a concurrence to the majority's opinion in Wade, finding that to the extent prior Eleventh Circuit deliberate indifference cases are not inconsistent with Wade, "they should continue to be cited as binding precedent." Id. at 1265 (Jordan, J., concurring).

2024) (recognizing that to prevail on a deliberate indifference claim, a plaintiff must show that he suffered "an objectively serious medical need," and that the defendant acted with deliberate indifference to that need, meaning that the defendant "(1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) engaged in conduct that amounts to subjective recklessness" (internal quotations and citations omitted)).

"As applied in the prison context, the deliberate-indifference standard sets an appropriately high bar." Swain, 961 F.3d at 1285. Importantly, medical treatment gives rise to a constitutional violation "only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1271 (11th Cir. 2020) (quotations omitted). Indeed, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330–31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). Thus, a complaint that a medical provider has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical

8

mistreatment under the Eighth Amendment." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (quotations and citation omitted).

Here, McLees's Complaint is due to be dismissed pursuant to the Court's screening obligation. His allegations center on what is, at most, an alleged negligent medical action during surgery: Defendant Salman snagged a wire on a stent. However, "[a]ccidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'" Harris v. Coweta Cnty., 21 F.3d 388, 393 (11th Cir. 1994) (quoting Estelle, 429 U.S. at 106). McLees fails to allege facts permitting the reasonable inference that Defendant Salman actually knew McLees faced a substantial risk of serious harm but disregarded that risk. Indeed, McLees alleges that when the wire caught on the stent, Defendant Salman attempted to ameliorate the situation. See Doc. 1-2 at 5–7. Defendant Salman ultimately noted that although the wire remained inside the stent, it did not pose a threat to McLees's health. See id. at 48. Accepting these allegations as true, the actions underlying McLees's deliberate indifference claim against Defendant Salman constitutes, at most, negligence, which "does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106.

Also, McLees's claim concerning Defendant Centurion's delay in refilling his medication similarly fails. In the Complaint, McLees alleges that Centurion officials deliberately delayed his refill by thirty days. But McLees neither identifies the Centurion officials responsible for the delay, nor alleges that he suffered an injury from the delay. His conclusory allegations, by themselves, do not state a claim for relief.

Insofar as McLees alleges the remaining Defendants—Centurion, Union County Attorney, Union County, Suwannee County, Dixon, Neizer, and Gonzalez—implemented an unconstitutional policy or is liable based on supervisory status, McLees is not entitled to relief. McLees does not sufficiently allege an underlying constitutional deprivation. Therefore, his claim fails as a matter of law. See Gish v. Thomas, 516 F.3d 952, 955 (11th Cir. 2008) ("Without an underlying violation of Brandon Gish's constitutional rights, [Sheriff] Thomas cannot be liable in his individual or official capacity for a failure to train . . . and Pike County cannot be liable on the ground that its policy caused a constitutional violation.").

Therefore, it is now **ORDERED:**

1. This case is **DISMISSED without prejudice**.

2.   The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of November, 2025.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-9 11/19
c:   Howard Carl McLees, #669352